## \* LEMUEL PARKER, in Error, *versus* SIMEON GILSON.

*Practice.*—Pleading double to a writ of error not allowed.

MOTION for leave to plead double—viz., *in nullo est erratum*—and a *release of errors.*

The motion was denied, the Court doubting whether the statute allowing double pleading extended to writs of error.

NOTE.—See cases in *Law* and *Equity*, 326

---

## DANIEL JACKSON *versus* ABIGAIL GODDARD.

*Practice.*—The mistake or accident which prevented the entry of an appeal at the usual term, must be *specified* in a petition to enter the appeal at a subsequent term.

PETITION for leave to enter an action appealed from the Court of Common Pleas to the last term of *this* Court, in this county, which, as was stated in the petition, was, by *accident and mistake*, not entered at the proper term.

*By the Court.* The *accident* or *mistake* which hindered the entry of the action at the proper term, ought to be stated in the petition, that the Court may see whether the facts relied on are a sufficient ground for the interference of the Court. The statute of June 18, 1791 (*stat.* 1791, *c.* 17, § 1,) provides that when, in case of any accident, mistake, or unforeseen cause, an appeal, &c., is not entered at the proper term, this Court may, on the petition of the party, *at their discretion*, order the same to be entered at another term, &c. As the statute has not defined or described what is an accident, mistake, &c., it is left for the Court, in their discretion, to determine; and unless it be stated in the petition, it is impossible for us to know whether there is reasonable ground to order notice to the adverse party to show cause. Let the petition be amended, and the accident or mistake specified.

*Channing* for the petitioner.